[No. 4890.]

## SAMUEL HEWLETT AND LEWIS HEWLETT *v.* OWENS & MOORE.

TENANTS IN COMMON OF PERSONAL PROPERTY.—If the owner of sheep lets them for a year to another, with an agreement that he is to take care of and pasture and shear them, and sack the wool, and deliver the same to the owner of the sheep to be sold, or at a port to be shipped to a commission merchant, and that when the wool is sold the proceeds shall be equally divided, the parties become tenants in common of the wool, and the delivery of the wool is merely a step looking to a division to be had between them.

REPLEVIN.—Neither of the tenants in common of personal property, where there is an agreement that it shall be delivered by one to the other to be sold, or shipped to a commission merchant and sold and the proceeds equally divided, can maintain replevin against the other, nor against the vendee of the other, to recover it.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

The plaintiffs owned two bands of sheep, consisting of twelve hundred, and four hundred and eighty head. On the first day of October, 1873, they entered into a written

agreement with F. Hoerl, by which he was, at his own expense, to take care of and pasture the twelve hundred sheep for one year, and to shear them and sack the wool, and deliver it at Stockton, on the San Joaquin River, to be shipped to the commission merchant in San Francisco, and that when the wool was sold the proceeds were to be equally divided between the parties. On the 20th day of December, 1873, the same contract was made as to the band of four hundred and eighty, except that Hoerl was to deliver the wool to the Hewletts to be by them sold.

Hoerl sheared the sheep and sacked the wool, and delivered it at Stockton, and sent it to the defendants, commission merchants at San Francisco, who made him advances on it. The plaintiffs demanded the wool from the defendants, and, upon their refusal to deliver it, brought this action to recover possession of it, or, if delivery could not be had, its value. The plaintiffs recovered judgment and the defendants appealed.

*Byers & Elliott*, for the Appellants.

The relations of Hewletts and Hoerl were such as to create them tenants in common in the wool, and defendants Owens & Moore had the same right of possession of the whole wool that Hoerl had, and plaintiffs cannot maintain this action.

In any event, call the relations of Hewletts and Hoerl partnership, tenancy in common, or by any other technical name, it cannot be denied that Hoerl was equally interested in the wool with Hewletts, and defendants, Hoerl's assignees, were rightfully in possession of Hoerl's interest.

*W. S. Montgomery*, for the Respondents.

Hoerl hired the sheep, but he never hired the wool. He was entitled to the possession of the sheep for a term; but of the wool he was only entitled to the possession for such reasonable time after shearing as would enable him to make a delivery thereof to the Hewletts. During this interim, Hoerl was only the bailee, or agent, if you like it better, of the Hewletts, with respect to the wool. Hoerl was not to

receive his pay in wool; on the contrary, under each of the contracts he was to be paid out of the proceeds of the wool after a sale by the Hewletts. Hoerl was not a tenant in common with the Hewletts in the sheep let to him.

I admit that at the common law one tenant in common cannot maintain replevin against his co-tenant, but, as respects the maintaining of such an action against the vendee of one tenant in common, I read the law otherwise. In 2 Hilliard on Torts (279), I find the rule laid down as follows: "So one tenant in common of personal property has no right to sell the property. He can only sell his interest; and, if he undertakes to sell the entire property, he is liable to an action of trover at the suit of his co-tenants; or they may sue or take the property from the purchaser." (*White* v. *Brooks*, 43 N. H. 402; *Tyler* v. *Taylor*, 8 Barbour, 585; *Perminter* v. *Kelly*, 18 Ala. 716.)

By the Court:

Hoerl and the plaintiffs were tenants in common of the wool. The delivery to be made by Hoerl under either of the written agreements in evidence was merely a step looking to a division to be had between the parties according to their respective interests.

Being tenants in common neither could, under the circumstances appearing in this case, maintain replevin against the other, nor against the vendee of the other.

Judgment and order reversed and cause remanded for a new trial.