## HILL ET AL. v. SEAGER.

ONE OF TWO OR MORE JOINT OWNERS OF PERSONAL PROPERTY INCAPABLE OF DIVISION can not maintain the action of replevin [against his co-owners.

APPEAL from the first district court. The opinion states the facts.

*Ransford Smith*, for the appellants.

*Williams & Renick*, for the respondent.

TWISS, J. :

This is an action to recover possession of a horse described in the complaint, and therein alleged to be the joint property of the plaintiffs and the defendant, who were jointly entitled to the possession of the same; but that the defendant, being in possession thereof, converted it to his own use, and refused to permit the plaintiffs to use, or to exercise any control over, or to have possession of the horse, either by themselves or jointly with the defendant; that the plaintiffs, being entitled to the immediate possession of the horse, demanded possession of the same of the defendant, who refused to deliver it to them. Whereupon they pray judgment for the possession of the horse, or in case it can not be delivered, for the value thereof, the sum of one hundred and fifty dollars.

To this complaint the defendant demurs, and assigns among other grounds of demurrer, "that the complaint does not state facts sufficient to constitute a cause of action."

The statutes of this territory have somewhat changed the law of replevin, but contain no provision sufficiently radical to permit one joint owner to replevy from his co-tenant or

joint owner their indivisible property, the possession of which one of them is as much entitled to as the other.

The rule of law, that indivisible personal property owned by one or more joint owners, or tenants in common, can not be replevied by one or more of such owners from the other or others, is quite uniform and almost without exception: Wells on Replevin, 86, and note; *Davis* v. *Sottich,* 46 N. Y. 393; *Walker* v. *Fenner,* 28 Ala. 373; *Kimball* v. *Thompson,* 4 Cush. 441, 447.

The plaintiffs rely upon *Schwartz* v. *Skinner,* 47 Cal. 6. This case was under a statute providing that tenants in common "may jointly or severally bring or defend any civil action for the enforcement or protection of the rights of such party," and was in form replevin for seventeen thirtieths of the furniture used in a hotel; the complaint also containing all the allegations essential in trover, all of which were sustained by the findings, and the findings expressed all the facts in the case. The court reversed the judgment of the district court, which was for the defendant, "with direction to render judgment for the plaintiff on the findings."

That case is distinguishable from this in this respect: it was brought to recover a certain specified part of a property susceptible of division, but it is unsatisfactory in any view that may be taken of it as an authority in this case; especially if read in the light of *Hewlett* v. *Owens et al.,* 50 Cal. 474, in which the court, speaking of the parties, says: "Being tenants in common, neither could, under the circumstances appearing in this case, maintain replevin against the other, nor against the vendee of the other." This is in harmony with the almost unbroken current of authority, and not inconsistent with the California statute.

If a joint tenancy of the plaintiff and defendant in the demanded property is disclosed by the allegations of the complaint, the suit can not be maintained: Wells on Replevin, 85, 154; and under our practice act the issues tendered by such allegations may be raised and decided on demurrer: Comp. L., sec. 1265.

The judgment of the district court in sustaining the demurrer was correct, and should be and is affirmed.

HUNTER, C. J., and EMERSON, J., concurred.